## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **ARDAMIS DARRELL SIMS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO.11-955-GPM** |
| | ) | |
| **ILLINOIS DEPARTMENT OF** | ) | |
| **CORRECTIONS, MARCUS HARDY,** | ) | |
| **RANDY DAVIS, JORGE MONTES, JUAN** | ) | |
| **TELLEZ, and KIM BUTLER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Plaintiff Ardamis Darrell Sims brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Pinckneyville Correctional Center ("Pinckneyville") and Stateville Correctional Center ("Stateville"). Plaintiff filed this action while he was incarcerated at Stateville (Doc. 1). Since that time, he informed the Court that he had been transferred to the Cook County Jail (Doc. 16). It thus appears that Plaintiff has completed his original sentence that forms the basis for this complaint. This case was initially filed in the Northern District of Illinois, and Plaintiff's application to proceed *in forma pauperis* was granted there (Doc. 5).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a

prisoner seeks redress from a governmental entity or officer or employee of a
governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims
or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief
> may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such
> relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**<u>The Complaint</u>**

Plaintiff named Defendants Jorge Montes, Juan Tellez, and Kim Butler in his complaint.

Through an error, they were not included in the caption, and Defendants not named by Plaintiff were inadvertently added to the caption. The Clerk is directed to amend the caption as is reflected in this Order.

The following allegations are taken from Plaintiff's first amended pro se complaint (Doc. 9). Plaintiff was arrested on August 31, 2006, and sentenced to two years in prison on January 25, 2007. Plaintiff's maximum discharge date was March 27, 2008. He was released on parole on March 27, 2007, yet was arrested again on April 12, 2007. Plaintiff remained in Illinois Department of Corrections ("IDOC") custody as a "pending violator." He was housed at Pinckneyville in June of 2007, yet was transported back and forth to Stateville due to court writs pertaining to his second case. Plaintiff was only able to see the parole board at Pinckneyville. He remained on court writs until the parole board "forgot" about him (Doc. 9, p. 5). Plaintiff remained in prison until July of 2009, sixteen months past his maximum release date of March 27, 2008.

Sometime while incarcerated at Pinckneyville, Plaintiff suffered an injury after falling down a flight of steps. Prison staff passed out ice at the front wing first floor door rather than at the prisoners' cells, and the stairs became slippery. Plaintiff fell down a flight of concrete stairs and injured his back. Plaintiff spent the night in the hospital unit at Pinckneyville, but was forced to depart the next day on a bus to Stateville.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1 – Excessive Incarceration**

Plaintiff argues that he has served sixteen months longer than the time of incarceration imposed at sentencing. A wrongfully lengthened sentence may not implicate a civil right within the scope of 42 U.S.C. § 1983. It does, however, implicate a liberty interest. As such, Plaintiff does present a cognizable due process claim regarding the extension of his sentence. If Plaintiff were still incarcerated as a result of that conviction, the proper method for challenging a wrongfully extended sentence would be habeas corpus after Plaintiff had exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). Plaintiff, however, does not seek release, which would require a habeas corpus action; he seeks damages. And while recovery under § 1983 for unconstitutional conviction or imprisonment requires that the conviction or sentence be "reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus," *Heck v. Humphrey*, 512 U.S. 477, 489 (1994), it appears that Plaintiff's claim is not a challenge to the state court's decision. It is, instead "an argument that the prison system failed to implement the state courts' decisions and thus defendants have deprived him of liberty without due process of law." *Bey v. Schwartz,* No. 12-1373, Doc. 00711806143, (7th Cir. May 29, 2012); Southern District of Illinois Case No. 11-951-GPM (Doc. 29-1). Plaintiff's due process claim shall therefore proceed through this threshold review. In his complaint, Plaintiff names only Randy Davis, Kim Butler, Marcus Hardy, Juan Tellez, and Jorge Montez as the Defendants responsible for this alleged due process violation. This claim will proceed as against those Defendants.

**Count 2 - Negligence**

Plaintiff suffered an injury after falling down a flight of steps. Prison staff passed out ice at the front wing first floor door rather than at the prisoners' cells, and the stairs became slippery.

Plaintiff fell down a flight of concrete stairs and injured his back.  Rather than a civil rights violation, Plaintiff describes a possible negligence action.  "[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986).  (Inmate injured in a fall caused when guard negligently left a pillow on a stairway).  Plaintiff fails to plead facts implicating a civil rights interest, thus, this claim shall be **DISMISSED** without prejudice for lack of federal jurisdiction.  Any remedy that may be available to Plaintiff must be sought in state court.

**Disposition**

       **IT IS HEREBY ORDERED** that **COUNT TWO** is **DISMISSED without prejudice**.  Defendant Illinois Department of Corrections is DISMISSED.

       **IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendants **MARCUS HARDY, JUAN TELLEZ, RANDY DAVIS, KIM BUTLER, and JORGE MONTES**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

       With respect to a Defendant who can no longer be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for further pre-trial proceedings and for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation

that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED: August 10, 2012

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge