IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARDAMIS DARRELL SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-955-GPM-DGW |
| | ) |
| JORGE MONTES, et al., | ) |
| | ) |
| Defendants. | ) |

**FEDERAL RULE OF CIVIL PROCEDURE 56 NOTICE**

**WILKERSON, Magistrate Judge:**

Defendants in this matter have filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a) (Doc. 39) in which they argue that they are entitled to judgment as a matter of law on Plaintiff's claims. On March 12, 2013, this Court issued an Order to Show Cause why the Motion should not be granted (Doc. 41). It appears that Defendants did not provide to Plaintiff a notice of the consequences of failing to respond to the Motion for Summary Judgment. Plaintiff is hereby notified that:

As a *pro se* litigant, a person who is not represented by counsel in this matter, you are entitled to notice of the consequences of failing to respond to the Motion for Summary Judgment. *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Federal Rule of Civil Procedure 56 provides, in relevant part:

> **(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

\*\*\*

**(c) Procedures.**

    **(1)** *Supporting Factual Positions***.** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

        **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

        **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

    **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence*****.** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

    **(3)** *Materials Not Cited*****.** The court need consider only the cited materials, but it may consider other materials in the record.

    **(4)** *Affidavits or Declarations*****.** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

***

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

    **(1)** give an opportunity to properly support or address the fact;

    **(2)** consider the fact undisputed for purposes of the motion;

    **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

    **(4)** issue any other appropriate order.

This Rule provides that any factual assertion or statement made in the movant's affidavits and/or

other documentary evidence will be taken as true by the Court *unless* the non-movant contradicts the movant with counter-affidavits and/or other documentary evidence.  You may not rely on the allegations in the pleadings to support your claim: you must show by affidavit or other documentary evidence that there is a genuine dispute as to a material fact.  If you do not respond to the Motion for Summary Judgment with affidavits or other documentary evidence, the Court may grant judgment on one or more of your claims to the Defendant(s) and this matter may be terminated.

The Local Rules of this District provide that you have thirty (30) days from service of the Motion for Summary Judgment to file a response.  SDIL-LR 7.1(c)(1).  The failure to file a response within the deadline "may, in the Court's discretion, be considered an admission of the merits of the motion."  *Id.* at 7.1(c).

As indicated in this Court's previous Order, Plaintiff has until April 12, 2013 to respond to Defendants' Motion for Summary Judgment.  The failure to respond may result in a Report and Recommendation that the Motion be granted.

**DATED: March 21, 2013**

                                            **DONALD G. WILKERSON**
                                            **United States Magistrate Judge**